**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY VALDEZ,<br>         *Plaintiff*,<br><br>v.<br><br>T.D. BANK, N.A.,<br>         *Defendant*. | **COMPLAINT**<br><br>**JURY DEMANDED HEREON** |

Plaintiff Anthony Valdez, by his attorneys, alleges and complains of Defendant as follows:

## PRELIMINARY STATEMENT

1. Anthony Valdez ("Plaintiff" or "Mr. Valdez") is a victim of identity theft.

2. The perpetrator, who is unknown to Mr. Valdez, unlawfully intercepted his debit card, activated it, and fraudulently withdrew all of Mr. Valdez's funds.

3. Mr. Valdez promptly and repeatedly disputed the charges with T.D. Bank, N.A. ("Defendant" or "T.D. Bank") and provided T.D. Bank with a police report regarding the thefts.

4. Despite its obligation under the EFTA to promptly credit Mr. Valdez's account in full, T.D. Bank has refused to credit Mr. Valdez's account for the stolen funds.

5. Mr. Valdez brings claims against T.D. Bank for violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, and New York General Business Practice § 349 ("NYGBL § 349").

## JURISDICTION AND VENUE

6. The Court has jurisdiction pursuant to 15 U.S.C. § 1693m and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

7. Jurisdiction over Plaintiff's claim for declaratory relief is conferred by 28 U.S.C. § 2201.

8. Venue is proper in this District because Plaintiff resides in this District, a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendant regularly conducts business here.

**PARTIES**

9.     Plaintiff Anthony Valdez is a natural person and citizen of New York residing in Richmond Hill, New York.

10.     Plaintiff is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6).  His checking and savings accounts with T.D. Bank was used for personal, family, or household purposes.

11.     T.D. Bank, N.A. is a national banking association formed under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by the EFTA, 15 U.S.C. § 1693a(9).

**FACTS**

12.     Mr. Valdez opened a checking and savings account with T.D Bank on or about September 4, 2018.

13.     On the day he opened the accounts, Mr. Valdez deposited $10,000 into the account and was informed that he would receive a debit card in one to two weeks by mail.

14.     However, Mr. Valdez did not receive his debit card.  Approximately two weeks after he opened his account, he inquired with Defendant and was informed that the debit card had been activated and was in use.

15.     Although the T.D. Bank branch provided Mr. Valdez with a temporary debit card when he reported to Defendant that the initial card had never arrived, Defendant did not cancel the card Mr. Valdez reported never having received.

16.     Mr. Valdez was advised by T.D. Bank to open a fraud claim to dispute the charges.

17.     Mr. Valdez did so, filing his first fraud dispute with T.D. Bank on September 18, 2018. A mere three days later, on September 21st, T.D. Bank denied his claim and asserted without basis that no fraud occurred.  T.D. Bank provided no documentation or reasoning to support its conclusion.

18.     During this time, the fraud continued unabated.  Despite Mr. Valdez promptly reporting that he never received a debit card and promptly reporting the fraudulent transactions, T.D. Bank unjustifiably refused to freeze the debit card or credit Plaintiff's account.

19.     Plaintiff filed a second fraud claim on October 23, 2018.  After less than a week, T.D. Bank again denied his claim and again asserted without basis that no fraud occurred.

20.     T.D. Bank again provided no documentation or reasoning to support its conclusion.

21.     Plaintiff filed both a third and fourth fraud claim on December 18, 2018.

22.     The very next day, T.D. Bank denied both claims and again asserted without basis that no fraud occurred.  T.D. Bank again provided no documentation or reasoning to support its conclusions.

23.     On October 2, 2018, Mr. Valdez filed a police report with the 106th Precinct in Ozone Park, New York.

24.     Mr. Valdez provided the police report to T.D. Bank.

25.     T.D. Bank did not change its position.

26.     Ultimately, the fraudster removed all of Mr. Valdez's funds (*i.e.* $10,000) from Mr. Valdez's accounts.

27.     During the regular course of the police investigation, Detective Patrick Roach obtained photographic evidence of an unknown man withdrawing money from Mr. Valdez's accounts using the missing debit card.

28.     The individual differed from Mr. Valdez in both race and age.

29.     Upon information and belief, the photograph was taken by an ATM camera owned and operated by T.D. Bank.

30.     Put simply, T.D. Bank failed to conduct a reasonable investigation into the unauthorized debit card and bank account transactions and failed to credit Mr. Valdez for the stolen funds as required by law.

31.     Mr. Valdez is a truck driver with no other appreciable savings.

32.     In addition to Mr. Valdez's pecuniary damages, he has suffered emotional damages as a direct result of T.D. Bank's failure to credit him as required by law.

33.     Specifically, as a result of T.D. Bank's misconduct as alleged herein, Mr. Valdez has suffered significant loss of sleep over an extended period, stress, anxiousness, mental anguish, emotional distress, pain, and suffering.

## FIRST CLAIM FOR RELIEF

**(Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq*.)**

34.     Mr. Valdez repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

35.     Per the EFTA, Regulation E, and Regulation E's Official Interpretations, T.D. Bank bears the responsibility for unauthorized withdrawals like the present ones.

36.     In addition, once Mr. Valdez notified T.D. Bank that he had not received his debit card and that he disputed the unauthorized charges, T.D. Bank had an obligation to cancel the previously mailed debit card to prevent further unauthorized charges.

37.     T.D. Bank failed to cancel the previously mailed debit card.  Consequently, the thief continued to have unauthorized access to Mr. Valdez's account and was able to continue making unauthorized withdrawals, even after Mr. Valdez reported that the card had never arrived.

38.     Once Mr. Valdez notified T.D. Bank that he disputed the unauthorized withdrawals, T.D. Bank was required to conduct a bona fide reasonable investigation to determine if fraud occurred.

39.     However, T.D. Bank failed to conduct a reasonable investigation.

40.     A reasonable investigation would have included review of one or more of the following items, which would have led T.D. Bank to conclude that fraud had occurred:

   a.   Documentation or written signed statements provided by the customer;

   b.   Historical information on the customer's pattern of use (e.g. time, frequency, location, and types and amounts of transactions);

   c.   Customer's location at the time of the unauthorized transactions;

   d.   Signature information on POS transactions;

   e.   Police reports; and

   f.   Film from security cameras.

41.     A reasonable investigation would have revealed, *inter alia*, the following:

   a.   Mr. Valdez did not receive a debit card from T.D. Bank;

   b.   Mr. Valdez promptly reported non-receipt of the debit card;

   c.   Mr. Valdez promptly and repeatedly reported the fraudulent transactions;

d.  Mr. Valdez filed a police report concerning these unauthorized withdrawals;

e.  Mr. Valdez has no history of making false or unverifiable fraud reports;

f.  Mr. Valdez has no criminal history;

g.  Mr. Valdez has no history of irresponsible use of credit or debit cards;

h.  Mr. Valdez has no history of frauds with T.D. Bank or any other bank;

i.  Mr. Valdez has no history of disputing his credit report;

j.  Mr. Valdez differs in both race and age from the man making withdrawals from T.D. Bank ATMs, as the image captured by T.D. Bank's ATM camera depicts; and

k.  No other proof exists to refute Mr. Valdez's claim.

42.   Moreover, the EFTA places the burden of proof on the financial institution to demonstrate that challenged transfers were authorized or, if they were unauthorized, that the consumer can be held liable for them.  15 U.S.C. § 1693g(b).

43.   This burden of proof cannot be and was not plausibly met with regard to the contested transactions and Defendant could not have plausibly concluded that the transfers were authorized.

44.   In short, any reasonable investigation of these transactions would have resulted in T.D. Bank's cancelling the stolen debit card and crediting Mr. Valdez's account for the stolen funds.

45.   T.D. Bank's acts and omissions set forth above constitute violations of the EFTA.

46.   As a direct and proximate result of T.D. Bank's violations of the EFTA, Mr. Valdez is entitled to an award of statutory and actual damages as well as attorney's fees and costs.

47.   T.D. Bank did not conduct a good faith investigation regarding the stolen funds.

48.   T.D. Bank did not have a reasonable basis for believing the account was not in error.

49.   T.D. Bank willfully concluded that Mr. Valdez's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to T.D. Bank at the time of the investigation.

50.   In light of the foregoing – in addition to all other relief sought herein –  Mr. Valdez is also entitled to recover treble damages under Section 1693f(e).

## SECOND CLAIM FOR RELIEF

### (Deceptive Acts and Practices Unlawful, NYGBL § 349 *et seq.*)

51.     Mr. Valdez repeats and re-alleges and incorporates by reference the foregoing paragraphs.

52.     In the course of its dealings with Mr. Valdez, T.D. Bank has engaged in deceptive conduct in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of §349 independent of whether T.D. Bank's conduct violated any other law.

53.     Specifically, but without limitation, T.D. Bank's deceptive conduct included:

    a.  Falsely alleging that it had performed a *bona fide* investigation into the fraudulent transactions; and

    b.  Falsely alleging that it had a basis to conclude that no fraud occurred.

54.     T.D. Bank's conduct as alleged herein is "consumer oriented."

55.     Indeed, far from a "one shot transaction," T.D. Bank deals with a large volume of customers who dispute unauthorized charges.

56.     Upon information and belief, T.D. Bank's misconduct as set forth above is part of a recurring policy and practice of falsely alleging that it has performed *bona fide* investigations into fraudulent transactions and falsely alleging that it has a basis to conclude that no fraud has occurred on the accounts of those customers that submit disputes.

57.     These policies and practices have the potential to be repeated with regard to a large number of consumers.

58.     Each of these deceptive acts and practices is one that has a broad impact on consumers.

59.     Due to these violations of NYGBL § 349, Mr. Valdez has suffered actual damages and is entitled to:

- actual damages;

- treble damages;

- punitive damages;

- declaratory judgment that T.D. Bank has violated the statute;

- injunctive relief barring T.D. Bank from henceforth committing the deceptive acts and practices set forth herein;

- costs; and

- reasonable attorney's fees.


**WHEREFORE,** Mr. Valdez seeks judgment in his favor and damages against Defendant:

A.   awarding Mr. Valdez against T.D. Bank actual damages, treble damages, statutory damages, punitive damages, declaratory relief, injunctive relief, costs, and reasonable attorneys' fees; and

B.   such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Mr. Valdez demands a trial by jury as to all issues so triable.

Dated: April 11, 2019                              Respectfully Submitted,

*/s/ Daniel A. Schlanger*
Daniel A. Schlanger
Schlanger Law Group LLP
9 East 40th Street, Suite 1300
New York, NY 10016
T: 212-500-6114
F: 646-612-7996
dschlanger@consumerprotection.net